IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENDAN WELCH,<br><br>        Plaintiff,<br><br>vs.<br><br>S. WOLF, Officer #1393, Individual and Official Capacity; KYLE MEYERSON, Officer, Individual and Official Capacity; LANCASTER COUNTY DISPATCH, DOSTAL, Officer #1773, Individual and Official Capacity; and GARCIO, Officer #1977, Individual and Official Capacity;<br><br>        Defendants. | 4:23CV3254<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Brendan Welch ("Plaintiff") filed a pro se Complaint on December 29, 2023, Filing No. 1. Plaintiff was granted leave to proceed in forma pauperis. Filing No. 5.

The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court finds that it is, and the case shall be dismissed without prejudice.

**I. SUMMARY OF COMPLAINT**

Plaintiff brings his Complaint pursuant to 42 U.S.C. § 1983. Filing No. 1 at 3. The subject matter of this case arises from Plaintiff's allegations of Fourth, Fifth, Eighth, and Ninth Amendment violations as well as violations of Articles 3, 5, 6, 12, and 17 of "human rights" and violations of 18 U.S.C. § 241 and 18 U.S.C. § 242, relating to property theft and emotional distress against officers S. Wolf ("Wolf"), Kyle Meyerson ("Meyerson"), Dostal, and Garcio of the Lincoln Police Department in their official and individual capacities. Filing No. 1 at 2–3.

In support of his claims, Plaintiff alleges that on December 28, 2023, energy drinks were stolen from him around the time when he was at the emergency room of St. Elizabeth's hospital in Lincoln, Nebraska, resulting in his being removed from the hospital without treatment, being charged with trespassing, and being threatened with further action by all defendants if Plaintiff attempted to pursue claims for the theft of his energy drinks. *Id.* at 4–5. Specifically, Plaintiff alleges:

> Officer S. Wolf did knowingly; unlawfully and deliberately tightly grab my phone on 12/28/23 at 6:15 am; attempting to deprive me of my phone and seize my property without a warrant. Officer Wolf also earlier deprived me of two Monster energy drinks and proceeded to lie about it; even acting under color of law by disseminating and verbalizing true threats of arrest for false reports. Wolf did also unlawfully detain me to maliciously charge me with trespass. Wolf and Meyerson violated my privacy rights and privacy law.
>
> . . . .
>
> I was stolen from and unlawfully detained long enough to be maliciously cited for trespassing. Officer S. Wolf did not treat me like a human being and violated all the above cited Human and Constitutional Rights; he also subjected me to cruel and unusual punishment; together with Officer Kyle Meyerson; whom Wolf called dispatch for. Wolf also deliberately; willfully and vehemently told dispatch to disregard my reports of theft. S. Wolf also did use true threats; including verbally stating he would arrest me; together with Kyle Meyerson if I pursued the report of the Monster Energy drink thefts; falsely accusing me of false reports. I came to the hospital for help; with both valid mental health and medical/physical health concerns; however now I am afraid to seek help at St. Elizabeth for legitimate fear of being arrested and my condition worsening. Jail is not a place for me. I have moderate to severe panic/anxiety disorder and depression. It serves no legitimate purpose other than to torture and torment me; to deprive me of my freedom merely for seeking legitimate help and overnight stays at St. Elizabeth hospital. I have little to no money and am in severe financial crisis; with nowhere to go. Privacy Rights were also violated. Dostal and Garcio also verbalized true threats of arrest for pursuing accurate reports and investigation of theft involving energy drinks.

*Id.* at 4–5.

As a result, Plaintiff alleges he suffered a denial of medications at St. Elizabeth's hospital, worsening of his depression and anxiety, sleep deprivation, and potential hypothermia, coughing, frostbite, and other weather-related injuries due to being removed from St. Elizabeth's without financial means to "live comfortably as other human beings do." *Id.* at 5. He seeks punishment of the FBI and U.S. Attorney's office (or punishment of defendants *by* the FBI and U.S. Attorney's office) under 18 U.S.C. § 241 and 18 U.S.C. § 242, dismissal of the trespassing charges against him,[1] and $250,000 in damages. *Id.*

## II. APPLICABLE STANDARDS ON INITAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

Plaintiff brings suit under 42 U.S.C. § 1983 and also appears to bring suit under 18 U.S.C. § 241 and 18 U.S.C. § 242.

### A. 18 U.S.C. § 241 and 18 U.S.C. § 242

It is unclear if Plaintiff intends to bring suit pursuant to 18 U.S.C. § 241 and/or 18 U.S.C. § 242 or if he seeks relief via punishment of defendants under these statutes. *See* Filing No. 1 at 5. Either way, Plaintiff cannot proceed or obtain relief under 18 U.S.C. § 241 or 18 U.S.C. § 242 as they are criminal statutes that do not provide private rights of

---

[1] Forms of relief that call into question the validity of a conviction and/or sentence as well as release from incarceration are not available under § 1983, and instead are appropriate in a habeas proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). As such, Plaintiff cannot obtain dismissal of any criminal charges against him in this § 1983 proceeding.

3

action. See *Arnold v. Hanson*, No. 21-CV-1779 (PJS/JFD), 2021 WL 5761663, at *1 (D. Minn. Dec. 3, 2021) (citing *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (18 U.S.C. § 242 is a criminal statute that does not provide a private cause of action); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (there is no private right of action under 18 U.S.C. §§ 241-242). And, to the extent Plaintiff seeks relief in the form of punishing defendants or other government actors under the statutes, such relief cannot be obtained as "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 .... These statutes do not give rise to a civil action for damages." *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989)); *Horde v. Elliot*, No. 17-CV-0800 (WMW/SER), 2018 WL 987683, at *10 (D. Minn. Jan. 9, 2018) (collecting cases supporting "well-settled" conclusion that "18 U.S.C. § 242 does not provide a private right of action")).

As no relief is available to Plaintiff under 18 U.S.C. § 241 and/or 18 U.S.C. § 242, any claims or relief sought under either statute must be dismissed.

**B. 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Plaintiff sues all defendants in their individual and official capacities. However, while the named defendants appear to meet the color of law standard, it is unclear from the majority of the pleadings what the nature of Plaintiff's claim or claims against each

defendant is. Here, the Court undertakes a brief review of each ascertainable category of claims set forth in the Complaint.

1. **Official capacity claims**

Plaintiff's suit against all defendants in their official capacities, all of whom are employees of the City of Lincoln, Nebraska, cannot proceed. Where claims are made against defendants in their official capacities such claims are construed as filed against the officers' employing entity, which here is the City of Lincoln, Nebraska. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (citation omitted)).

Therefore, the first inquiry in any case alleging municipal liability under § 1983 is "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). To establish a municipal policy is at issue a plaintiff must point to "an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Further, the plaintiff must establish that the policy was the "moving force" behind a constitutional violation. *Id.* (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

**2. Individual capacity claims**

Plaintiff also sues all defendants in their individual capacities, generally alleging Fourth, Fifth, Eighth, and Ninth Amendment violations as well as violations of Articles 3, 5, 6, 12, and 17 of "human rights."

It appears (although not entirely clear), that Plaintiff is homeless or at least was without a place to sleep on December 28, 2023, when the events at issue in the Complaint took place. Plaintiff alleges he was "picked up" by emergency medical services at around 4:24 a.m. and brought to St. Elizabeth's hospital, where he was told to wait in the waiting room. Filing No. 1 at 5. Plaintiff submits that at some point that day defendant Wolf stole his energy drinks (but he also alleges that he sought assistance with determining who the culprit was by seeking to review St. Elizabeth's surveillance tapes). It is unclear what occurred next or when the alleged violations occurred or how and when the defendants interacted with Plaintiff as Plaintiff alleges he was at St. Elizabeth's hospital twice that day, being discharged at 1:07 a.m. and again around 5:30 p.m., and that the times of the incidents giving rise to his claims against all defendants occurred at 5 or 5:30 a.m. and 8:45 a.m. *Id.* at 4–5.

Plaintiff alleges that although he requested the defendants and hospital staff to check hospital surveillance cameras to determine who the thief was, they refused. *See Id.* at 5 (alleging the defendants and hospital staff refused his request to check hospital surveillance cameras to determine who the thief was). Plaintiff then concludes that defendant Wolf took the drinks "earlier" and proceeded to lie about the theft when Plaintiff confronted him about it. *Id.* at 4–5. It further appears that as a result of Plaintiff's confronting Wolf about the drinks (and perhaps also as a result of his requests to review

6

the security video), some or all of the defendants escorted him from the hospital premises, some or all of the defendants threatened to arrest Plaintiff if he continued attempting to pursue the theft, and some or all of the defendants charged (or threatened to charge) Plaintiff with trespassing.  See *Id.* at 4.  However, this factual scenario is far from clear as Plaintiff's pleadings are so disjointed, incomprehensible, and lacking factual and temporal connection that this Court is only guessing as to what actually occurred.

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999) ).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1).  A complaint must state enough to "'give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

At this point this Court is unable to ascertain the nature of Plaintiff's claims (aside from a claim of the theft of his energy drinks) and which defendant or defendants were involved in the alleged violation, nor can it be determined how or when any alleged violative incident took place, or what was the resulting harm. For example, Plaintiff alleges a general Eighth Amendment cruel and unusual punishment claim apparently against all defendants. However, the Eighth Amendment does not apply to conditions of confinement cases brought by pretrial detainees. *Stearns v. Inmate Servs. Corp., et al.*, 957 F.3d 902 (8th Cir. 2020). Such claims must instead be analyzed under the Fourteenth Amendment as set forth in *Bell v. Wolfish*, 441 U.S. 520 (1979). *Id.*

More importantly here, even if Plaintiff intended to bring his claims under the Fourteenth Amendment, it is impossible to determine what actions of which defendants Plaintiff alleges constituted punishment. Perhaps Plaintiff was actually cited for trespassing and the citation is the "punishment" Plaintiff alleges? Or perhaps being escorted from the hospital is the alleged punishment Plaintiff asserts?

Plaintiff also appears to allege an unlawful search and seizure claim, arguing that Wolf attempted to take Plaintiff's phone without a search warrant, but it is unclear from the pleadings the circumstances under which the alleged search took place or the basis for its occurrence. The Court is unable to determine which of the named defendants were involved in the alleged search, what was searched, and why.

Further, Plaitniff attempts to bring claims under an unspecified "Human Rights Act." While some states have such acts, *see e.g. Brandon v. Bd. of Educ. of City of St. Louis,*

No. 4:22-CV-00635-SRC, 2023 WL 4104293, at *4 (E.D. Mo. June 21, 2023) (discussing a plaintiff's claims under the Missouri Human Rights Act), Nebraska does not. To the extent Plaintiff is referencing the "Human Rights Act" as discussed by the Equality and Human Rights Commission, the Act does not apply to United States Citizens. *See* Equality and Human Rights Commission, *Human Rights Act*, available at https://www.equalityhumanrights.com/human-rights/human-rights-act (last accessed Dec. 18, 2024) (stating the Human Rights Act applies to citizens of England, Wales, and Scotland). Ultimately, any attempt to bring claims under these inapplicable acts also cannot proceed.

Finally, in Plaintiff's only somewhat factually comprehensible claim, Plaintiff appears to argue that Wolf's taking of his energy drinks violates the Takings Clause of the Fifth Amendment. Plaintiff is incorrect.

The Takings Clause states, in relevant part: "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V, cl. 4. "The Takings Clause's prohibition is specifically directed against the federal government." *Roszkowski v. United States*, No. 14-1178 L, 2015 WL 1883965, at *1 (Fed. Cl. Apr. 24, 2015) (quoting *Lenoir v. United States*, 618 F.2d 125 (Ct. Cl. 1979) (citing *Hooe v. United States*, 218 U.S. 322, 335–336 (1910) (internal quotations omitted)). And, the United States must have been the entity which allegedly did the taking. A claimant under the Takings Clause must show that the government, by some specific action, took a private property interest for a public use without just compensation. *Id.* (citing *Adams v. United States*, 391 F.3d 1212,1218 (Fed. Cir. 2004) (citing *Hodel v. Va. Surface Mining & Reclamation Ass'n*, 452 U.S. 264, 294 (1981))).

9

Here, Plaintiff does not allege that the federal government has taken any action nor does he allege that his energy drinks were taken for public use. As such, to the extent Plaintiff intended to raise a Takings Clause claim against Wolf (or any other defendant) his claim or claims must be dismissed.

The Complaint is clearly deficient and subject to dismissal under 28 U.S.C. § 1915(e)(2). As Plaintiff has already been granted leave to amend his Complaint, *see* Filing No. 11, but failed to do so, no further opportunity to amend shall be given and the matter shall be dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiffs' Complaint, Filing No. 1 is dismissed without prejudice.

2. The Court will enter a separate judgment consistent with this order.

Dated this 20th day of December, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge